IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Robert Edwards, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | **(Jury Trial Requested)** |
| Charles Schwab Investment | ) | |
| Management, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, complaining of the Defendant herein, would respectfully show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Lancaster, South Carolina.

II.

Defendant is a corporation organized and existing pursuant to the laws of one of the states of the United States and which does business in this district and division.

III.

In this matter, Plaintiff alleges various causes of actions under the laws of the state of South Carolina. The court has subject matter jurisdiction to hear this case based upon complete diversity of citizenship between the parties and because the amount in controversy exceeds $75,000.00. This court has personal jurisdiction over Defendant because it does business in this district and division.

IV.

1

Plaintiff is a retiree who was born January 18th, 1929 and is seventy-nine (79) years old.

V.

In deciding how to invest his retirement funds, Plaintiff read a prospectus on various accounts offered by Defendant. Plaintiff specifically read the "Charles Schwab Investment Management Perspectives" on "Ultra-Short Bond Funds", a copy of which is attached hereto. The prospectus states that Ultra-Short Bond Funds "are an alternative approach to holding long-term cash in a money market fund."

VI.

In approximately March, 2007, Plaintiff, based upon the representations in the prospectus and other written materials provided by Defendant, took monies from his IRA account and invested those monies with Defendant by purchasing an ultra-short bond fund which Plaintiff interpreted to be a safe and prudent alternative to money market funds based upon Defendant's representations.

VII.

Thereafter, Plaintiff learned that the value of his ultra-short bond fund was dropping significantly and rapidly.

VIII.

On approximately April, 2008, Plaintiff instructed Schwab to sell the ultra-short bond fund so as to stop his losses. At the time the fund was sold, Plaintiff lost approximately 20-28% of his initial investment into the fund (the loss was approximately $250,000.00).

IX.

The "ultra-short bond funds" are not the same as or a safe alternative to "money market funds" as represented to Plaintiff.

### FOR A FIRST CAUSE OF ACTION
### (Negligent Misrepresentation)

X.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

XI.

Defendant induced Plaintiff to act in purchasing the ultra-short term fund. This inducement was the direct result of misrepresentations of material fact by Defendant, each of which breached Defendant's duty of care to Plaintiff, and misled Plaintiff regarding Defendant's investment product.

XII.

Each such negligent misrepresentation of fact by Defendant was a direct and proximate cause of damage and injury to Plaintiff. Plaintiff is entitled to actual and compensatory damages and special damages, including, but not limited to, the monies on his initial investment that was lost, lost earned income, and such other and further relief as this court deems just and proper.

### FOR A SECOND CAUSE OF ACTION
### (Fraud)

XIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

XIV.

Defendant devised a scheme to defraud Plaintiff by inducing him to purchase the ultra-short term fund. This scheme included, but was not limited to, affirmative misrepresentation of material fact by Defendant and the fraudulent non-disclosure of material fact by Defendant, all as set forth above, each designed and intended to mislead Plaintiff into purchasing the ultra-short term fund and to secure Plaintiff's purchase monies.

XV.

At all times material, Defendant knew that the aforesaid representations and omissions were false or misleading, knew that Plaintiff was ignorant of the true facts, and that Plaintiff would and did rely upon such representations to his detriment.

XVI.

Each such false statement of material fact and failure to disclose material fact by Defendant was a proximate cause of damage and injury to Plaintiff.

XVII.

Defendant's conduct as set forth above was intentional, willful, malicious, and was undertaken in conscious disregard of the rights of Plaintiff.

XVIII.

As a result of such fraud, Plaintiff is entitled to actual, punitive, and special damages.

**FOR A THIRD CAUSE OF ACTION**
**(Fraud in the Inducement)**

XIX.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

XX.

Defendant, in its representation of the ultra-short term fund, made false representations relating to preexisting and present facts regarding ultra-short term funds. Plaintiff had a right to rely upon the false representations.

XXI.

Defendant made such false representations with the intent to deceive Plaintiff and induce him into purchasing an investment product that was both an unwise investment and unnecessarily risky. Because of Defendant's fraudulent inducement, Plaintiff was harmed in that he expended great sums of money, unnecessarily, and has suffered special damages in that he lost an enormous amount of income which could have been earned on the monies lost as a result of Defendant's misrepresentations. Accordingly, Plaintiffs are entitled to actual and special damages as determined by a jury.

**WHEREFORE**, having fully stated his complaint against the Defendant, Plaintiff respectfully requests that the trier of fact award Plaintiff actual, compensatory, special and punitive damages and such other and further relief as this court deems just and proper.

s/Nathaniel W. Bax, Esq.
Nathaniel W. Bax, Esq.
South Carolina Bar #: 74877
Robert E. Hoskins, Esq.
South Carolina Bar #: 14305

              **FOSTER LAW FIRM, L.L.P.**
              Post Office Box 2123
              Greenville, SC 29602
              (864) 242-6200
              (864) 233-0290 (facsimile)
              E-mail:  rhoskins@erisaexperience.com
                    nbax@erisaexperience.com

Date: <u>June 18, 2008</u>        Attorneys for Plaintiff