IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | | |
|---|---|---|
| Robert Edwards, | ) | CIVIL ACTION NO. 08-2263-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT CHARLES SCHWAB'S** |
| vs. | ) | **REPLY IN SUPPORT OF MOTION TO** |
| | ) | **DISMISS AND COMPEL** |
| Charles Schwab Investment Management, Inc., | ) | **ARBITRATION** |
| | ) | |
| Defendant. | ) | |

      Defendant Charles Schwab Investment Management, Inc. ("Schwab") hereby submits a brief reply in support of its motion to dismiss or stay this case and to compel Robert Edwards ("Plaintiff") to arbitrate any and all disputes with Schwab. Plaintiff's efforts to convince this Court that this case somehow falls outside Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967) and its progeny fail. Contrary to Plaintiff's suggestion, the law requires more than a claim of fraudulent inducement; Plaintiff must show that he was fraudulently induced to enter specifically into the arbitration provision. The Plaintiff cannot and has not made this showing and, thus, this case should be dismissed and Plaintiff compelled to arbitration.

**A.    The law requires Plaintiff to show that he was fraudulently induced to enter into the arbitration provision itself, rather than the contract as a whole.**

      In Prima Paint, the Supreme Court held that if a party claims that he was fraudulently induced to enter a contract with an arbitration clause, the case is nevertheless arbitrable, unless the party can sustain a valid claim that he was fraudulently induced to enter into the arbitration clause itself. 388 U.S. at 404; see also Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006) ("[A]s a matter of substantive federal arbitration law, an arbitration provision is

severable from the remainder of the contract . . . [U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator . . . ."). This holding has been reinforced time and time again by the Fourth Circuit, this Court, and by South Carolina state courts.

For instance, the Fourth Circuit, under facts similar to those presented by Plaintiff in this case, held that where the plaintiff's claims "do not relate specifically to the Arbitration Agreement," they cannot sustain a denial of a motion to compel arbitration. Snowden v. Checkpoint Check Cashing, 290 F.3d 631, 637 (4th Cir. 2002); see also Sydnor v. Conseco Fin. Servicing Corp., 252 F.3d 302, 307 (4th Cir. 2001); Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 814 (4th Cir. 1989). Similarly, South Carolina state courts have consistently held that a "party cannot avoid arbitration through rescission of an entire contract when there is no independent challenge to the arbitration clause itself. There must be fraud in the inducement of the arbitration agreement to avoid arbitration of the contract." Carolina Care Plan, Inc. v. United HealthCare Servs., 606 S.E.2d 752, 755 (S.C. 2004); S.C. Pub. Serv. Auth. v. Great Western Coal, Inc., 437 S.E.2d 22, 24 (S.C. 1993).

Plaintiff's effort to distinguish Judge Currie's recent decision in Ivey v. D.R. Horton, Inc. is misguided based on the precedent set forth above. No.3:08-cv-598-CMC, 2008 U.S. Dist. LEXIS 52971 (D.S.C. July 10, 2008) (attached as Exhibit A). Plaintiff's attempt to differentiate Ivey solely on the ground that he has submitted an affidavit, where the plaintiff in Ivey did not, is inconsequential. (Pltf. Resp. at 4-5). Judge Currie's decision was not based on the fact that the plaintiff had not submitted an affidavit; it was based on the fact that there was no evidence of fraud in the inducement of arbitration provision. Id. at *7 ("[N]othing about this series of circumstances suggests fraud in the inducement of the arbitration provision."). Plaintiff's

introduction of an affidavit cannot change this longstanding precedent.[1]

**B.    Based on the case law set forth above, Plaintiff cannot and has not shown that he was fraudulently induced to specifically enter into the arbitration provision.**

Pursuant to the precedent set forth above, Plaintiff must adduce evidence that he was fraudulently induced to enter into the arbitration provision, rather than the contract as a whole. Plaintiff fails to even allege that this was the case.

The allegations of fraud as set forth in Plaintiff's Complaint relate to Schwab's alleged failure to disclose the alleged uncertain nature of the ultra short bond fund investments. (*See generally* Pltf. Compl). The arbitration clause is not even mentioned in the Complaint. When the gravamen of Plaintiff's Complaint is that the entire agreement was procured by fraud, the arbitration clause is severable and the court must compel arbitration.[2]  *See* case law set forth in Section A, *supra*.

Even Plaintiff's affidavit supports this finding. Plaintiff states that "[h]ad I been aware that I was purchasing such a risky investment vehicle, I would not have agreed to arbitrate any issue that may have arisen (of course, I would not have purchased the funds in the first place . . .)" (Plft. Aff. at ¶ 12) (emphasis added). With this sentence, Plaintiff admits that he is alleging fraudulent inducement as to the contract as a whole. Plaintiff mentions only the "risky investment vehicle" and the fact that he "would not have purchased the funds in the first place,"

---

[1] Even the arbitration provision in this case itself notes that any decision regarding the arbitrability of this matter "will be settled by arbitration." (Page 6, Section 11 of Schwab IRA Application, attached as Exhibit B).

[2] Schwab also notes that Plaintiff's arguments, if successful, would render the Financial Industry Regulatory Authority's ("FINRA") arbitration procedures useless. If every plaintiff who ever signed an arbitration provision with his securities broker could maneuver around the arbitration provision simply by arguing that he was fraudulently induced into the brokerage agreement, without providing any indication that he was fraudulently induced into the arbitration provision itself, every single arbitration before FINRA involving an individual plaintiff and a securities broker would be filed in federal and state courts.

3

but fails to mention a single allegedly fraudulent statement by Schwab in regard to the arbitration provision. In fact, nowhere in Plaintiff's Complaint or his Affidavit will the Court find a single allegation regarding some supposed deceit associated with arbitration provision. This is why Judge Currie granted a motion to compel in Ivey – not because the plaintiff had not submitted an affidavit – and that is why this Court should compel arbitration in this case.[3]

Schwab respectfully requests that this Court dismiss this matter and compel Plaintiff to arbitration.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

By: s/ Daniel R. D'Alberto
James K. Lehman
jim.lehman@nelsonmullins.com
Federal Bar No. 5378
Daniel R. D'Alberto
dan.dalberto@nelsonmullins.com
Federal Bar No. 9744
1320 Main Street / 17th Floor
Post Office Box 11070 (29211)
Columbia, SC 29201
(803) 799-2000

Attorneys for Charles Schwab Investment Management, Inc.

---

[3] Schwab responds to Plaintiff's argument regarding the timing of the alleged fraudulent statements simply by noting that the arbitration provision applies to "any controversy or claim . . . in any way arising from the relationship with Schwab." (Exhibit B). Thus, regardless of whether Schwab's representations occurred before or after Plaintiff signed the Account Application Agreement, this case is arbitrable.

4