UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Robert Edwards, | ) | C/A No. 0:08-2263-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER STAYING ACTION AND** |
| | ) | **COMPELLING ARBITRATION** |
| Charles Schwab Investment | ) | |
| Management Inc., | ) | |
| | ) | |
| Defendant. | ) | |

_____

    This matter comes before the court on the motion of defendant Charles Schwab Investment Management, Inc. ("Schwab") to dismiss or stay plaintiff Robert Edwards's complaint and to compel arbitration [dkt. #6]. The court held a hearing on the motion on November 3, 2008, and after listening to the arguments of counsel, took the matter under advisement. This order serves to memorialize the court's ruling. For the reasons that follow, the court grants the motion.

    Plaintiff Edwards sues Schwab for alleged fraud/fraud in the inducement and negligent misrepresentation arising out his investment in Schwab's YieldPlus Funds, an "ultra short" bond fund. Edwards made his investment pursuant to an online IRA Account Application, which he completed on March 9, 2007 ("Agreement"). The Agreement contains an arbitration clause directly above the signature line, which provides as follows:

        THE AGREEMENT WITH SCHWAB CONTAINS A PREDISPUTE
        ARBITRATION CLAUSE. YOU ACKNOWLEDGE RECEIPT OF THE
        PREDISPUTE ARBITRATION CLAUSE CONTAINED IN SECTION 11,
        PAGE 2, OF THE APPLICATION AGREEMENT.

The section referred to, Section 11, is titled "Arbitration Agreement" and provides, in pertinent part:

> Any controversy or claim arising out of or relating to . . . this Agreement, any other agreement with Schwab, an instruction or authorization provided to Schwab or the breach of any such agreements, instructions, or authorizations . . . will be settled by arbitration.

Schwab argues that it is entitled to an order compelling arbitration and dismissing or staying these proceedings. A federal court must apply ordinary state law contract principles to determine if a valid arbitration agreement exists. If a valid arbitration agreement exists, the court must compel arbitration. Sydnor v. Conseco Financial Servicing Corp., 252 F.3d 302, 305 (4th Cir. 2001). Specifically, the Federal Arbitration Act provides that parties must be compelled to arbitrate if the court is "satisfied that the making of the agreement for arbitration . . . is not in issue." 9 U.S.C. § 4.

Federal courts are permitted to adjudicate claims for fraud in the inducement of the arbitration clause specifically, but not claims of fraud in the inducement of the contract generally. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 402, 404 (1967). The United States Supreme Court has held that a federal court may consider "only issues relating to the making and performance of the agreement to arbitrate," and fraud in the inducement of the arbitration clause itself goes to the "making" of the arbitration agreement. Id. at 403-404.

The court finds that Edwards does not allege fraud in the inducement of the arbitration clause specifically. Edwards tries to distinguish Prima Paint by arguing that in his case the fraud and misrepresentations took place before he entered into the agreement. However, by

definition, fraud in the inducement takes place before a contract is entered into and "arises when a party is induced to enter into an agreement through fraud or misrepresentation." 37 Am. Jur. 2d Fraud and Deceit § 2. Edwards uses this same rationale to claim that because the alleged fraud took place before the agreement was entered into, the arbitration provision does not apply to this dispute. However, the court finds the arbitration clause is broadly worded and states that it applies to "any controversy or claim arising out of or relating to . . . this Agreement . . . ."

Further, the court finds the facts of this case are different from those in <u>Ivey v. D.R. Horton</u>, 2008 U.S. Dist. LEXIS 52971. In granting the defendant's motion to arbitrate, the court in <u>Ivey</u> discussed the lack of supporting documentation offered by the plaintiff to support the allegation of fraud in the inducement. While in the present case, Edwards has provided his own affidavit and several articles that discuss the riskiness of the bonds, the court finds there does not appear to be any documentation that specifically supports Edwards's claim of fraud in the inducement of the arbitration provision.

Having considered the record in this case, the case law, and the arguments of counsel, the court grants Schwab's motion to stay and compels the parties to arbitrate their claims pursuant to the arbitration clause contained in the Agreement dated March 9, 2007. The court will stay this case for a period of one year from the date of this order and directs the parties to inform the court of the resolution of the arbitration proceedings by filing an entry in the docket by November 10, 2009.

Finally, the court retains jurisdiction over the parties for all matters relating to this

action after binding arbitration, including enforcement of any arbitration judgment rendered.

IT IS SO ORDERED.

November 10, 2008                         Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge